UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN T. PRINCE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-49 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Glenn T. Prince (TDCJ #1207064) seeks habeas corpus relief challenging disciplinary case no. 20130056448. After careful review, the Court concludes that the application must be dismissed with prejudice for failure to state a claim for which federal relief is available.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994). In the context of disciplinary proceedings, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

Petitioner states that he is not eligible for release to mandatory supervision; he is serving a life sentence. A life-sentenced inmate is not eligible for release to mandatory supervision. *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001). "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 328. The *Franks* court declined to substitute some number of years for a life sentence to make it possible to calculate a mandatory supervision release date. The Fifth Circuit followed the *Franks* holding in *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002), noting that in habeas proceedings, federal appellate

courts do not function to review a state's interpretation of its own law. Texas inmates serving a life sentence are not eligible for release under the Texas mandatory supervision statute and have no constitutionally protected interest in any loss of accrued good-time credits. Plaintiff is not entitled to federal habeas corpus relief.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, petitioner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will **DENY** the issuance of a certificate of appealability.

The Court **ORDERS** the following:

1. The petition for a writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice.

2.   A Certificate of Appealability is **DENIED**.

All pending motions, if any, are **DENIED**.

SIGNED this 21st day of February, 2014.

_____
Gregg Costa
United States District Judge